GRANT and Others *v.* POPEJOY.

Upon the first trial of the cause below, a verdict was rendered for the plaintiff, which, on motion of the defendants, was set aside, and a new trial granted, on the ground of surprise ; "they having no reason to suppose that the cause would be tried, and because there was an agreement to refer the case to arbitration." On the second trial, the plaintiff again recovered, and this appeal is taken from that judgment. The appellee assigns a cross error upon the ruling of the Court, in setting aside the first verdict.

*Held*, that as the defendants entered upon the first trial without objection, and without making any application for a continuance on the ground of surprise, and as the cause assigned for a new trial, if sufficient for that purpose, was certainly sufficient to authorize a postponement, they can not be permitted to fall back upon the ground that they were surprised in being required to enter upon the trial.

*Held*, also, that the Court below erred in setting aside the first verdict, and that the plaintiff is entitled to judgment upon it.

APPEAL from the *La Grange* Common Pleas.

WORDEN, J.—This was an action by *Popejoy* against the appellants, for work and labor. The action was commenced in the Court of Common Pleas of *Noble* county, and taken

*Tuesday, December* 11.

Nov. Term,
1860.

GRANT
v.
POPEJOY.

by change of venue, on the application of the defendants below, to the *La Grange* Court of Common Pleas. The transcript and papers were filed in the latter Court, on *July* 25, 1857. On the second day of a term of the latter Court, which commenced on *November* 16, 1857, the parties appeared, and the defendants filed an amended answer; and, the issues being perfected, the cause was tried by a jury, who returned a verdict for the plaintiff of $950.

The defendants moved for a new trial, and filed reasons in writing therefor, the sixth of which is as follows, viz:

" 6. On account of surprise, the defendants having no reason to suppose that the cause would be tried, and because there was an agreement to refer it to arbitration."

The motion for a new trial was sustained, and the plaintiff excepted. On the second trial, there was a verdict for the plaintiff, on which judgment was rendered, over another motion, made by the defendants, for a new trial.

The defendants below appeal, and assign errors in the proceedings upon the second trial.

The appellee, however, assigns a cross error, upon the ruling of the Court in setting aside the first verdict, and granting a new trial. If this error be well assigned, it will be unnecessary to inquire whether error was committed on the second trial, as the appellee will be entitled to judgment on the first verdict.

It appears, by a bill of exceptions, that the new trial was granted for the reasons specified in the sixth written reason, and not upon any of the other reasons filed. The bill of exceptions sets out all the evidence before the Court, for and against the motion. The evidence offered on the motion consists of the affidavits of the parties, their attorneys, and others. The affidavits are, in some respects, conflicting. They show that there had been conversation between the parties in reference to arbitrating the cause. Perhaps it might be inferred, that, at one time, *Popejoy* had consented to arbitrate. He, however, swears that at no time since the commencement of the suit did he agree to the arbitration. The evidence shows pretty clearly that about two weeks before the trial the parties met, and after talking about arbitrating the case,

*Popejoy* refused to arbitrate, and this was understood by the defendants.

We think that, giving every intendment in favor of the defendants, and indulging every legitimate presumption in favor of the ruling of the Court, there was no legal cause shown for setting aside the verdict, and granting a new trial, on the ground stated. Had the new trial been granted because the Court deemed the verdict contrary to the evidence, or because it was not satisfied of the fairness of the trial had, a different case would have been presented, and this Court would hesitate long before disturbing the action of that below. *Cronk* v. *Cole*, 10 Ind. 485.

But such is not the case here. The record informs us that the new trial was granted solely on the ground of "surprise, the defendants having no reason to suppose that the cause would be tried, and because there was an agreement to refer it to arbitration;" and we have before us all the evidence on which the motion was sustained.

Now, admitting every thing that can be claimed from the evidence, and something more, and supposing that there had been an agreement to arbitrate the case, in consequence of which the defendants failed to subpœna their witnesses, and make due preparation for trial, and what position do they occupy? When the cause was called, the defendants appeared, and entered upon the trial without objection, and without application for a continuance or delay, on the ground of surprise or otherwise, in order to make preparation for the trial. When they appeared and entered upon the trial, they were as cognizant of the facts on which they based their motion for a new trial, as they were after the trial was had. If the causes for which a new trial was asked were sufficient, they were certainly sufficient to authorize a postponement or continuance of the cause; and a neglect to make the proper application for that purpose was inexcusable. A party can not be permitted to enter upon the trial of a cause without objection, and take the chances of a verdict in his favor, and upon being disappointed in that, fall back upon the ground that he was surprised in being required to enter upon the trial. If it would make any difference that the party was not person-

ally present, but that his attorney only appeared upon the trial, who might not be apprized of the necessity of delay, such facts should be shown, which was not done in this case.

We are of opinion that the Court erred in setting aside the first verdict, and, consequently, that the proceedings subsequent to the return of that verdict must be set aside; and that judgment should be rendered on the verdict, in favor of the plaintiff, for the amount of the verdict, with interest up to the time when judgment may be rendered thereon.

*Per Curiam.*—The judgment below is reversed, at the costs of the appellants, and the cause remanded, with instructions to the Court below to proceed in accordance with this opinion.

*J. B. Howe* and *J. M. Flagg*, for appellants.

*A. Ellison* and *R. Parrett*, for appellee.