THE LIHUE PLANTATION COMPANY *v.* KEPALAI (w), HANA (w), ANE (w), KAONOHI (w), and KUKUI (k), and KALEHUA (k), Minors, by Hana (w) their Guardian *ad litem.*

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JULY 2, 1901.          DECIDED AUGUST 6, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action of ejectment, held, that evidence was adduced sufficient to support a verdict for the defendants on the ground of adverse possession.

A motion for a new trial will not be granted on the ground of surprise occasioned by the giving by the movant's own witness of testimony different from that which he had led such party to expect, where at the time of the alleged surprise no complaint is made and no steps are taken to avert its consequences.

OPINION OF THE COURT BY PERRY, J.

This is an action of ejectment instituted and tried in the Circuit Court of the Fifth Judicial Circuit. The land in dispute is an irregular strip, containing an area of 1.53 acres, adjoining the kuleana awarded to one Kanakanui, by L. C. A. 238 U, R. P. 3821. It was undisputed at the trial that the paper title to the property in controversy was originally in the plaintiff and that the title to the kuleana is in the defendants, and the sole issue tried was whether or not the defendants and their predecessors in interest had acquired title to the strip mentioned by adverse possession. The jury rendered a verdict for the defendants.

The plaintiff excepts to the verdict on the ground that it is

contrary to the law and the evidence and the weight of evidence, and also to the overruling, *pro forma,* of a motion for a new trial. No exceptions were noted by the plaintiff to the charge of the court as given to the jury or to the refusal of the presiding judge to give certain instructions requested. After an examination of the transcript of the stenographer's notes, we are of the opinion that there was ample evidence to support, under the law as laid down by the court, the verdict rendered. Questions of the credibility of the witnesses and of the weight of their testimony, were solely for the jury to determine. Under the circumstances, the verdict cannot be disturbed.

The plaintiff also moved for a new trial on the further grounds of surprise and of newly discovered evidence. After argument, the trial judge denied the motion. The alleged surprise consisted in the fact that one Pau (k), who was called as a witness by the plaintiff, gave testimony different in essential particulars from that which he had previously led plaintiff's counsel to believe he would give. Assuming that this constituted "surprise" within the technical meaning of that term, a new trial cannot now be granted therefor. The testimony complained of was given on the afternoon of Friday, the 15th of March last. Immediately after leaving the witness stand, Pau, as clearly appears from the affidavits filed by the plaintiff in support of the motion under consideration, said to counsel for the plaintiff that his testimony was, by reason of misapprehension of the questions asked, incorrect and untrue and requested counsel to ask the court that he, Pau, be permitted to correct his testimony, expressing at the time his willingness and desire to so correct it. Although the case was not submitted to the jury until the afternoon of the Monday following, counsel for the plaintiff neither offered to recall the witness so as to give him an opportunity to correct his testimony, nor moved for a continuance, nor took any other steps to avert the consequences of the unexpected evidence. Counsel, on the contrary, saw fit to speculate on the chances of a favorable verdict. Having done so, the plaintiff must abide by the consequences; by his

conduct he has waived such right as he otherwise might have had to the relief now sought.  See, on this general subject, 14 Encycl. Pl. & Pr., 738, 748, 749; 16 Am. & Eng. Encycl. Law, 542, 543; *Delmas v. Martin,* 39 Cal. 557; *Grant v. Popejoy,* 15 Ind. 311; *Thiele v. Ry. Co.,* 140 Mo. 338, 339; *Ames v. Howard,* 1 Sumn. 482, quoted with approval in *Flint v. Ins. Co.,* 71 Fed. 222; *Willard v. Whetherbee,* 4 N. H. 118, 129; *Davidson v. Wheeler,* 17 R. I. 433, 436; and *Lopez v. Kaiaikawaha,* 9 Haw. 27, 29, 30.

The subject of newly discovered evidence has not been referred to in argument and, as a ground for relief, is to be regarded as abandoned.  The same is true of exceptions taken during the trial to rulings on questions of the admissibility of evidence and for this reason these exceptions also are not considered.

The exceptions are overruled.

*M. F. Prosser* for plaintiff.

*J. D. Willard* and *J. T. De Bolt* for defendants.