## MALLETT v. BEALE.

1. **Assault with Intent to Ravish:** ACTION FOR DAMAGES: CONDUCT OF PARTIES: INSTRUCTIONS. Where the action was for damages for an alleged assault with intent to ravish, and there was evidence tending to show that the parties had interviews, of a nature not unfriendly, after the alleged assault, the jury were properly instructed that, in determining the character of the act complained of, it was their duty carefully to consider the conduct of the parties both before and after the assault;

but, after giving this instruction, it was not error to refuse to give other instructions to the same effect, asked by defendant.

2. ——: ——: EXEMPLARY DAMAGES: PLEADING: INSTRUCTION. In such a case, where the averments of the petition unmistakably charged the defendant with a malicious assault, though not in direct terms, it was not error for the court to instruct the jury that they might, in their discretion, allow exemplary damages.

*Appeal from Marshall Circuit Court.*

THURSDAY, APRIL 23.

IT is averred in the petition " that while the plaintiff was in her home in Gilman, in said county, engaged in domestic affairs, on the twelfth day of February, 1884, during the absence of her husband, she was willfully, wickedly and violently assaulted in a hostile manner by the defendant, who did then and there sieze hold of plaintiff by the hands, arms and body, against her will, and did unlawfully push and thrust plaintiff against the door, house and room, with the intent and purpose of committing the crime of adultery with this plaintiff, and with intent to commit a felony and crime, punishable in the penitentiary, upon the body and person of the plaintiff; by reason whereof plaintiff was bruised in her person and body, subjected to great mental anguish, suffering and humiliation of spirit, and brought into ill-repute among her neighbors and all good citizens." Judgment was de-manded for $5,000. The defendant answered the petition by a general denial. There was a trial by jury, which resulted in a verdict and judgment for plaintiff for $250, and defendant appeals.

*Brown & Carney*, for appellant.

*Binford & Snelling* and *O. Caswell*, for appellee.

ROTHROCK, J.—I. The jury were fully warranted in finding from the evidence that the defendant went into the plaintiff's

house, and, in the absence of her husband, seized hold of her person, and that she resisted him, and that he, against her will, used considerable violence towards her, by holding her and pushing her, and that the object defendant had in view was to have sexual intercourse with the plaintiff. That this conduct was assault and battery by defendant there can be no question. A number of exceptions were taken to the rulings of the court on the admission and exclusion of evidence. These objections are assigned as errors, and presented in argument. The most of them relate to the order in which evidence should be introduced, and whether certain questions are proper cross-examination, and the like. We have carefully examined these alleged errors, and our conclusion is that they are not well taken. We do not deem it necessary or proper to set them out in detail. The mere statement of them would show that we would not be war- ranted in reversing the judgment on account of any of them.

II.   After the alleged assault, and before the suit was brought, the parties met on two or three occasions, and they walked together to or near the plaintiff's home, and the plaintiff wrote two letters to the defendant. These inter- views, and the letters, all had reference to the claim made by plaintiff against the defendant. It is claimed by defendant's counsel that plaintiff on these occasions invited the defend- ant to escort her home, and complaint is made because the court refused certain instructions to the jury, asked by defend- ant, to the effect that in determining the character of the alleged assault they should consider these acts; and the acts were specified in said instructions. We think there was no error in refusing to give these instructions, because the court did instruct the jury that, in determining the character of the act complained of, it was their duty to carefully consider the conduct of the parties towards each other both before and after the assault.

III.   The court instructed the jury that, if they found for the plaintiff, they might consider the character of the

attack, and in their discretion allow her exemplary damages. It is claimed by counsel for appellant that this instruction was not warranted from the allegations of the petition, because it was not therein averred that the act complained of was malicious. We have in the statement of the case preceding this opinion set out the petition, and we need only refer to it as an answer to this objection. It is true, the word "malice" is not to be found therein; but that is not necessary. The averments of the petition unmistakably charge the defendant with a malicious assault.

AFFIRMED.