## JOSE MARCEIL *vs.* JOSE FREITAS.

### TRESPASS.

#### EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.

HEARING, MARCH 19, 1894.          DECISION, APRIL 5, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Verdict under the circumstances held not to be contrary to the law and the evidence.

OPINION OF THE COURT, BY BICKERTON, J.

This is a suit to recover damages sustained by the plaintiff, in consequence of an assault committed by defendant on the

plaintiff with a stone. whereby he was seriously injured ; the damages were laid at $300, and the case was first heard in the District Court of Makawao, where judgment was given for the plaintiff for $150 damages.   An appeal was taken to the Circuit Court, of the Second Circuit, and the case came on for hearing at the December Term, 1893, of said Court, when the jury rendered a unanimous verdict for plaintiff, assessing the damages at three hundred dollars ($300), to which verdict defendant's counsel noted exceptions, as being contrary to law and against the weight of evidence ; and gave notice of a motion for a new trial.   The motion was argued and overruled by the Court, and an appeal was noted to this Court, and the matter now comes here on a duly allowed bill of exceptions.

The only question before us is whether the verdict was contrary to the law and evidence.   There are no exceptions taken to any ruling of law made during the trial, or to the charge of the Court to the jury.   The following stipulation is on file :   " The evidence taken before the jury at the Lahaina term being identical with that taken before the district magistrate as appears from his notes on file herein, it is hereby stipulated that such notes shall be considered as part of the bill of exceptions herein in lieu of a transcript of the reporter's notes."   The evidence of Dr. Herbert shows that he was called to attend the plaintiff, and found him with a very serious wound on the head near the temple, which might have been very dangerous ; that the wound had been caused by some blunt instrument or weapon, used with great force, and that his fee for treatment of the wound was $30. John Ferreira testifies to seeing the wound, and the large amount of blood plaintiff lost and the nature of the wound. The plaintiff testifies that the cause of the trouble between defendant and himself was the breaking of some window glass by defendant's children ; that defendant came to him and shook hands, then took him unawares, and with a stone which he had hidden behind his back, struck him on the head, causing the said wound ; that he ran away, followed by

defendant, who continued to throw stones at him and assault him; that he suffered great pain from the injuries inflicted on him, and was unable to work for some time in consequence.

The defendant testified in his own behalf and denied that he struck plaintiff with a stone, but admitted that he assaulted him, but only with his hand. He also says that he was angry because plaintiff chased his children with a gun and that when he went to plaintiff's house, he (plaintiff) drove him out of the house with a hoe; plaintiff denies this and says that he had a gun and was out shooting birds, but before he chased the children he left his gun on the veranda. The jury evidently did not believe defendant's story, and we do not see how they could in the face of the evidence of Dr. Herbert and the other two witnesses for the plaintiff as to the nature of the wound. They certainly could not believe that the wound described could have been caused by the hand of the defendant without any weapon in it; they evidently ignored the defendant's evidence entirely, and decided the case on the evidence offered for the plaintiff. They also had the evidence that the defendant had pleaded guilty on a criminal prosecution to a charge of assault on plaintiff with a dangerous weapon, a stone.

We are of the opinion that the jury could not have found any other verdict than one for the plaintiff, and they evidently considered that $300 was not too much or excessive damages to allow the plaintiff, taking into consideration the actual damages he had sustained, the great suffering of mind and body he had undergone in consequence of the violent acts of the defendant. The measure of damages was with them, and we do not consider it excessive.

In defendant's brief "the erroneous charge of the Judge" is referred to: as we have said, there is no exception taken to the charge of the Court, and we therefore do not consider it.

We hold that the verdict is well sustained and we refuse to interfere with it.

The exceptions are overruled.

*A. Rosa,* for plaintiff.

*C. Creighton,* for defendant.