JOHN FLEMING, by his next friend, PATRICK FLEMING, v. JAMES LOUGHREN, Appellant.

**Assault and battery:** DAMAGES: INSTRUCTION. Where the plaintiff in an action for assault and battery, if entitled to recover at all, should be allowed substantial damages, failure to instruct that a verdict might be returned for nominal damages only was not erroneous, especially where such an instruction was not requested.

**Same:** EXEMPLARY DAMAGES: Where the evidence is such that the jury may find that the assault was unprovoked and malicious it may assess exemplary damages, when pleaded.

**Actual damages:** MENTAL PAIN. Humiliation may be considered by the jury as an element of mental pain for which actual damages may be allowed in an action for assault and battery.

**Assault and battery:** INSTRUCTIONS. An instruction that defendant in an action for assault and battery claimed to have been acting in self-defense is held correct, and it was not necessary to instruct that whatever injuries plaintiff received were inflicted while defendant was attempting to disarm him.

**Assault and battery:** EXCESSIVE DAMAGES. A verdict for $350 for a malicious assault and battery upon a boy is held not to have been excessive.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR, Judge.

TUESDAY, MARCH 17, 1908.

REHEARING DENIED MONDAY, OCTOBER 5, 1908.

SUIT to recover damages for an assault. Trial and verdict; and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Cook & Cook,* for appellant.

*E. E. Hasner,* for appellee.

SHERWIN, J.— The petition alleges that the defendant " willfully and wantonly made a vicious and brutal assault upon the plaintiff," inflicting serious physical injury, and causing great " mental and physical pain." The answer was a general and specific denial, and contained the averment that John Fleming assaulted the defendant with a club, and that whatever injury said Fleming may have received at the time was received when the defendant was disarming him.

In its sixth instruction the court told the jury that two

kinds of damages might be allowed if it found for the plaintiff under the other instructions given.    That, if the plain-

1. ASSAULT AND
BATTERY:
damages: in-
struction.

tiff was entitled to recover at all, he might be allowed such actual damages as would fully compensate him for medical attention, and for the mental and physical pain and humiliation inflicted upon him. The jury was then told that, if it found the assault to be malicious and wanton, exemplary damages might be awarded; but that no exemplary damages could be allowed unless actual damages were found.    The appellant makes many complaints of the instruction, none of which are well founded.    It is said that the instruction was wrong because it did not inform the jury that a verdict could be returned for nominal damages.    No instruction of the kind was asked, and, had it been, it could very properly have been refused because, if the plaintiff could recover at all, he was clearly entitled to substantial damages.

It is further said that exemplary damages should not have been permitted because the trouble arose from the action of the boy.    But the evidence was in conflict on that point,

2. SAME: exem-
plary damages.

and the jury may well have found the assault unprovoked, unjustified, and malicious.    Malice was sufficiently pleaded to warrant the allowance of exemplary damages. . *Mallet v. Beale,* 66 Iowa, 70.

Nor was there error in permitting the jury to consider " humiliation " as an element of mental pain for which ac-

3. ACTUAL DAM-
AGES: mental
pain.

tual damages could be allowed.    Severe personal chastisement will so certainly humiliate the receiver thereof that it may be presumed.

Other instructions are criticised because the court told the jury therein that the defendant claimed to act in self-defense.    It is said that the jury should have been told

4. ASSAULT AND
BATTERY: in-
structions.

that whatever injuries were received by the plaintiff they were inflicted while the defendant was disarming him.    If the defendant was not acting in self-defense when attempting to disarm the plaintiff, he was

clearly guilty of an unlawful assault; hence the instructions complained of were correct.

Many other complaints are made of the instructions given, and because of the omission to instruct. Certain rulings on the admission of evidence are also complained of. We have carefully examined the record, and find the criticisms as to the instructions and rulings hypercritical and without merit. We think the case was fairly and fully submitted to the jury, and that all of the defendant's rights were carefully protected.

It is said that the verdict is excessive and should be reduced. It was for $350 only, and we do not think it should be disturbed. The plaintiff was at the time young, while the defendant was a man. The assault was severe and apparently malicious. Actual damages could properly be awarded for pain and suffering both physical and mental, and the evidence clearly justified exemplary damages. Under such circumstances, there should be no interference with the finding of the jury, We find no error for which there should be a reversal, and the judgment is therefore *affirmed*.

5. ASSAULT AND BATTERY: excessive damages.