## JAMES A. DARCY, A MINOR, BY JAMES DARCY, HIS NEXT FRIEND, *v.* L. M. HARMON.

### No. 1748.

ARGUED AUGUST 23, 1927.　　　DECIDED AUGUST 26, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action for damages for personal injuries suffered by the plaintiff and claimed to have been caused by the defendant. The plaintiff, a boy twelve years of age, was riding a bicycle on the public highway and the defendant was operating an automobile. The bicycle became caught in a "frog" or other part of a street railway track and the automobile, approaching from behind the plaintiff, passed over one of plaintiff's legs, thus causing the injuries complained of. The trial was had before a

jury, both parties adducing evidence and cross-examining each other's witnesses. Up to the moment that the jury retired for the consideration of its verdict the defendant was evidently satisfied that the trial had been, in all respects but one, entirely fair, for only one exception was noted and that was to a mere matter of the reception or rejection of evidence, and that one exception has not been deemed to be of sufficient importance to be argued to this court and therefore must be regarded as having been abandoned. Eight instructions were requested by the plaintiff and were given with slight modifications. Fourteen instructions were requested by the defendant and were all given with slight modifications. No exception was noted by the defendant to the giving of any of plaintiff's instructions or to the modification of any of the defendant's instructions. In other words, the defendant · evidently felt that the presiding judge was entirely fair in the method in which he presented the case to the jury.

Two exceptions only are now presented to us for consideration. One of them is to the effect that there is not sufficient evidence to justify a finding of negligence on the part of the defendant and the other is that the allegations of the declaration charged that the acts of the defendant which resulted in the injuries complained of were done willfully, while the evidence shows, not willful misconduct on the part of the defendant, but at best negligence (if it be held by this court that there was sufficient evidence of negligence).

It need scarcely be said that the rule is well established in this jurisdiction that when there is before the jury substantial evidence, more than a mere scintilla, in support of its findings the verdict cannot be set aside and that questions relating to the credibility of the witnesses and to the weight of the evidence are for the jury alone to decide and are not within the province of this appellate

court to pass upon. In the case at bar, while there was other evidence more favorable to the contentions of the defendant, there was, nevertheless, direct evidence, some given by the plaintiff and his witnesses and some given by the defendant himself and his witnesses, tending to show the following facts: that at the time of the accident, which happened in broad daylight, the plaintiff was riding a bicycle at a moderate rate of speed on a fairly level roadway at Moiliili, which at that point was about 38 feet in width not including its two unsurfaced edges; that the plaintiff's bicycle was proceeding not more than 5½ feet from the right-hand side of the surfaced road, leaving about 32½ feet of width of road between the plaintiff's bicycle and the left-hand side of the road; that when the bicycle became caught in the "frog" or other part of the track of the electric railway neither the plaintiff nor the bicycle fell, but the plaintiff remained standing with his left foot on the ground and with his right leg over the saddle of the bicycle; that at that moment the plaintiff looked around and saw the defendant's automobile behind him at a distance of about 40 feet, and that at the same moment the defendant sounded his horn, thus indicating that he saw the plaintiff; that at that time there was no other traffic in sight except an automobile coming up the Moiliili hill from town and then at a distance of about 150 to 175 feet from the bicycle; that the defendant's automobile in approaching the bicycle turned to the left sufficiently to clear the bicycle with its front right wheel but struck the plaintiff and passed over one of his legs with the right hind wheel; that the injuries thereby caused to the plaintiff's leg were such as to require several operations and a long course of treatment at two hospitals; and that the defendant's automobile was at the time proceeding at the rate of not more than ten or fifteen miles per hour.

It is not contended that the damages awarded by the

jury are excessive. From the facts above recited and from the circumstances as to the nature of the roadway at the point in question as shown by undisputed evidence, the jurors, as reasonable men, could have properly found that a prudent and careful driver could have stopped the automobile before reaching the bicycle, or could have turned to the left and avoided striking the plaintiff, that it was the duty of the defendant to have done the one or the other and that his omission so to do constituted negligence which was the proximate cause of the injury.

There was also testimony of the defendant himself to the effect that when the bicycle stopped his automobile was only 4 feet behind the bicycle and going on a line only 4 feet to the left of the bicycle. Section 413 of the traffic ordinances of the City and County of Honolulu provides that "every person driving, operating, propelling, or in charge of any vehicle or street car is hereby prohibited from travelling so closely in the wake of any vehicle or street car in such manner as to imperil life or limb of any person or to travel so closely and at such a speed in the wake of any vehicle or street car as to be unable to stop or to turn out in case the preceding vehicle or street car comes to a sudden stop." This ordinance obviously applies to protect bicycles as well as other vehicles. The jurors could properly have found upon this latter evidence that a reasonable, careful and prudent driver would not have driven his automobile so closely following the bicycle or on a line as near the plaintiff as in this instance and that the omission to allow a greater distance between the two vehicles in the two directions referred to was negligence in the light of the further facts that about 32 feet of roadway to the left of the bicycle was available to the defendant and his automobile, with no traffic in the vicinity other than the automobile not less than 150 feet away. Clearly there was substantial evidence sufficient to support the verdict.

The remaining contention that the evidence of negligence, if sufficient evidence is found by the court, does not support the allegations of the declaration, is based upon the argument that the charge contained in the declaration is that the acts and omissions of the defendant which resulted in the injuries complained of were willful and not the mere result of negligence. The allegations are that the defendant "operated and controlled said automobile negligently, carelessly, heedlessly, recklessly and with so little regard for the public safety that at or near the Moiliili switch on said Moiliili hill the automobile driven by defendant as aforesaid struck and collided with the bicycle of the plaintiff", that "by reason of the said heedless, reckless and careless driving of the said defendant" the collision occurred and that all of the injuries "were due to the negligent and wrongful acts of the defendant as aforesaid". There is no direct allegation that the defendant's acts or omissions were willful. The words "willful" or "willfully" or any other clear equivalent do not appear in the declaration. The language which is used as just quoted is not the equivalent of a charge of willfulness, but on the contrary is the ordinary method of charging negligence and imports negligence. See *Ellis* v. *Mutual Telephone Co.*, 29 Haw. 604. There was no variance between the allegations and the proof.

The exceptions are overruled.

*J. V. Hodgson (Peters & O'Brien* on the briefs) for defendant-appellant.

*M. E. Winn (Thompson, Cathcart & Beebe* with him on the briefs) for plaintiff-appellee.