DYER v. WARWICK
COLLENS v. WARWICK

---

(March 21, 1932. Opinion and Decree.)

---

F. Carter Johnson, Jr., of New Orleans, attorney for plaintiffs, appellees.

Herbert W. Kaiser, Thomas Tomeny and John H. Hammel, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.   Miss Lillian A. Collens and Mrs. Isidore Dyer, the plaintiffs in these two suits, which have been consolidated for convenience, claim, respectively, $600 and $3,552 from the defendant, Warwick, as damages said to have been caused by a collision between Miss Collens' Dodge and defendant's Ford automobile. The accident happened at about 5 p. m., on Sunday, February 22, 1931, at a point on the Chef Menteur highway, about nine miles distant from the city of New Orleans.

The trial court awarded Miss Collens $200 and Mrs. Dyer $1,000. Defendant has appealed.

Defendant's version of the accident is that it was due to the fact that a car driven by Mr. Fred Eckstein emerged from a portion of the road, which, at the time, was closed to traffic, and which, in the testimony, is described as the "condemned" road, and darted suddenly across his path; that because of the sudden appearance of the Eckstein car he was unable to avoid striking it in the rear, with the result that his own car was thrown out of control and crashed into the Dodge. No fault is imputed to Miss Collens, who was driving her Dodge on the right-hand side of the road at a moderate speed, but the responsibility for the accident is imputed to Mr. Eckstein because of his alleged sudden maneu-

ver in coming from the condemned road across and in front of defendant. There were four passengers in defendant's car and all but one of them, a young lady who did not see the accident because her attention had been focused in some other direction, support the position of the defendant.

On the other hand, Miss Collens, Mrs. Dyer and two disinterested witnesses, if Mr. Eckstein may be so described, support the plaintiffs' version to the effect that the accident was caused by the excessive speed of the Warwick car, which was threading the heavy traffic with which the road at the point of the accident was crowded, and which, in attempting to pass the Eckstein car, struck it in the rear, causing defendant's car to become unmanageable. One of these witnesses, a Mr. Chavin, testified that at a point about a mile distant from the accident, the defendant passed him in his Ford car at a speed of about fifty miles an hour and swerved into his path so close to his automobile that it was necessary for him (Chavin) to drive to the side of the road to avoid striking the Warwick car. Chavin estimates Warwick's speed at 50 miles an hour because he was traveling at the rate of 45 miles per hour when Warwick passed him. Mr. Eckstein, who is an electrical engineer by profession, denied having driven in front of defendant's car in the manner claimed and denied that he had been driving on the condemned road anywhere near the scene of the accident. His testimony has impressed us with its sincerity and fairness and, in conjunction with the other testimony offered by the plaintiffs, has convinced us that plaintiffs' version of the accident is the true one. Consequently, the fault must be imputed to the defendant.

Miss Collens, who sued for $600, was awarded $200 by the court below. She has clearly established her claim for one-half of that amount as the damage which was suffered by her Dodge automobile, the other $100 being allowed for nervous shock. She was not injured in any way, except such as may have been sustained by her nerves, which, under the circumstance, must have been somewhat affected. We believe, however, that a nominal sum, say $50, would be sufficient to cover this item of damage.

Mrs. Dyer suffered "severe bruises on the left side of the chest, involving the breast," and "considerable extravasation of blood into the breast and into the tissues of the chest wall, covering a very extensive area, possibly one-half the coverings of the chest wall." One of her eyes was blackened and there were some scratches about her face and some brush burns. There were some bruises on her hip and legs. She suffered considerable pain, but no bones were broken and no permanent injury resulted. Fifty-two dollars of her claim is made up of medical expenses $40, and a ruined blouse $12. These items we will allow. We believe the amount awarded Mrs. Dyer to be excessive and it will be reduced from $1,000 to $552.

For the reasons assigned the judgment appealed from in the case of Miss Lillian A. Collens against Edwin Warwick is amended by reducing the amount awarded plaintiff from $200 to $150, and, as thus amended, it is affirmed.

It is further ordered that the judgment appealed from in the case of Mrs. Isidore Dyer against Edwin Warwick is amended by reducing the amount awarded plaintiff from $1,000 to $552, and, as thus amended, it is affirmed.