Mrs. Jimmie Walter Dillon seeks the recovery of damages against Joseph Miranne and William John Edwards, on behalf of herself individually in the sum of $4,168, and on behalf of her minor daughter, Jimmie Dale Dillon, in the sum of $8,500. This claim arises out of the same accident wherein we found the defendant, Joseph Miranne, liable in the opinion this day handed down in the case of Lloyd Blanke and Luella Porche, wife of Lloyd Blanke, against these same defendants, *Page 270 
bearing our docket No. 17875. It only remains to discuss the claim of plaintiff for damages in this suit.
The trial court rendered judgment in favor of both defendants rejecting and dismissing the demands of plaintiff.
Mrs. Dillon suffered contusions of the left jaw, left arm and shoulder, left thigh and knee, a small laceration of the right knee, contusions and brush burns of the right arm and elbow and over the sacroiliac region extending to the base of the spine. She likewise experienced nervous shock and nausea lasting two days. She was not hospitalized, but treated at the office of her physician, who discharged her as finally cured slightly less than four months after the accident. We will allow her $500.
Miss Jimmie Dale Dillon, aged twelve years, suffered two lacerations of the forehead, three-quarters of an inch each in length, a long shallow laceration across the head at the hair line about four inches long, hemorrhage of the right eye, contusions of the chin, right arm and elbow, a three inch laceration of the left arm and wrist with swelling, a shallow laceration of the left thigh about three and three-quarters inches long, a shallow laceration over the spine, and bruises over her back and shoulder. She also suffered a fracture of the left forearm and a traumatic separation of the left wrist joint. She was hospitalized for several days. A plaster cast was placed over her arm and wrist and kept on, other than with periodic changes, almost two months, at which time she had fully recovered from her injuries. Considering the nature of her injuries, we will allow damages in the amount of $1,500.
The record further discloses that Mrs. Dillon incurred a bill for medical services as a result of the injuries she and her daughter suffered in the amount of $168. She is, therefore, entitled to recover this amount.
The Board of Administrators of the Charity Hospital has not appealed from the judgment dismissing plaintiff's suit, wherein, as intervenor, it sought recognition of its claim for medical services rendered to Mrs. Dillon and her daughter, in the sum of $12.50. For this reason, whatever rights it may have had by virtue of Act 289 of 1938, may not be availed of in this proceeding. Morris v. Hava, La.App., 180 So. 216; Lervick v. White Top Cabs, La.App., 10 So.2d 67.
For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from insofar as it dismisses plaintiff's suit against William John Edwards, be and it is affirmed.
It is further ordered, adjudged and decreed that the judgment insofar as Joseph Miranne is concerned, be and the same is hereby annulled, avoided and reversed and it is now ordered that there be judgment in favor of plaintiff, Jimmie Walter Dillon, individually, and against the defendant, Joseph Miranne, in the sum of $668, and in favor of said Jimmie Walter Dillon, for and on behalf of her minor daughter, Jimmie Dale Dillon, and against the defendant, Joseph Miranne, in the sum of $1,500, all with legal interest from date of judicial demand until paid. Defendant Joseph Miranne to bear the costs of both courts.
Affirmed in part; reversed in part.