## WAYNE ASKEW LINDEMAN *v.*
## ROBERT JOSEPH RAYNOR.

### No. 4031.

ARGUED APRIL 9, 1959.          DECIDED JUNE 2, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Appellant, who was plaintiff below, appeals from a judgment in favor of defendant in an action for damages for injuries suffered in an automobile accident, and alleges that the trial court erred in the following respects:

(1) invading the province of the jury and making a finding on a material and disputed fact;

(2) conducting lengthy and improper examinations of plaintiff and plaintiff's witnesses tending to discredit their testimony;

(3) raising objections for defendant;

(4) failing to afford plaintiff the same protection given defendant when called as witness;

(5) using language which tended to bring plaintiff's counsel into contempt before the jury; and

(6) failing to maintain an atmosphere of judicial calm.

During the early stages of the trial, the court conducted lengthy examinations of plaintiff and plaintiff's witnesses, to which plaintiff's counsel strongly objected. The court then called plaintiff's counsel, Arthur Trask, and defendant's counsel, Roy Vitousek, to his chambers, and had the following colloquy with them:

"THE COURT: I called you gentlemen in this morning before proceeding with this trial for one reason. I am very much concerned, gentlemen, by remarks made, commenting on rulings, that it might be the impression left with the Jury that I am prejudiced against one of the parties involved herein. * * * If any of you gentlemen feel that by my remarks, I left the impression I am prejudiced, I would like to discontinue this matter right now.

"MR. TRASK: This comes as a surprise to me. * * * As the Court and counsel know, I brought it to the attention of the Court because it could give that impression. I thought perhaps it was invitational to such thinking, but I know very well it was not the Court's intention in any way to show any partiality. * * *

"THE COURT: Mr. Trask, you feel the way the trial is being conducted, that your client is having a fair and impartial trial?

"MR. TRASK: That's right. They are not in any way prejudiced. * * *

"THE COURT: Mr. Vitousek, how do you feel?

"MR. TRASK: With my client's knowledge, I would op-

pose any desire to discontinue on the basis of mistrial, on the partiality of the trial.

"THE COURT: How do you feel, Mr. Vitousek?

"MR. VITOUSEK: Your Honor, I don't feel that the impression has been made that the Court is prejudiced.

"THE COURT: You feel your client is getting a fair and impartial trial. All right, gentlemen. I won't do so. I am going to insist if there are any objections to my rulings, to note the objection, period, not to comment on the ruling. Just note your objection. If there is any comment necessary, come up to the bench."

Thereafter, plaintiff's counsel did not interpose any objection to the actions of the court, except as to the matters mentioned in items (1), (3) and (4).

Rule 46 of Hawaii Rules of Civil Procedure requires a party to make known to the trial court his objections to its actions and the grounds therefor. Actions of the court as to which no objections have been interposed are not subject to appellate review. (*Ring* v. *Authors' League of America,* 186 F. [2d] 637, 641; *Slattery* v. *Marra Bros.,* 186 F. [2d] 134, 137; *Dowell* v. *Jowers,* 182 F. [2d] 576, 579; *Highway Construction Co. of Ohio* v. *City of Miami,* 126 F. [2d] 777, 781; *United States* v. *Cannon,* 116 F. [2d] 567, 569.)

Thus, the matters mentioned in items (2), (5) and (6) are not properly before us for our consideration. Plaintiff says that he had no alternative but to acknowledge a fair trial, for he had waited almost four years for the trial and to have urged a mistrial would have meant an additional delay before getting another trial. That is no excuse. Plaintiff saw fit to speculate on the chances of a favorable verdict. Having done so, he must abide by the consequences. (*Lihue Plantation Co.* v. *Kepalai,* 13 Haw. 515, 516.)

The charge that the trial court erred in invading the province of the jury and making a finding on a material and disputed fact is based on a statement of the court which pointed out the inconsistency between plaintiff's testimony in the district court and his testimony in the instant case. The court stated: "He testified in this Court he was struck on the Ewa-Makai corner. In that testimony

he testified he was struck on the Mauka-Waikiki corner. You say that is not an inconsistent statement?" The statement was made in connection with the court's ruling on the admissibiltiy of the transcript of trial in the district court on the ground that it contained a prior inconsistent statement. It merely stated the basis for admission of the transcript in evidence. It did not constitute a finding on a material and disputed fact. It was not prejudicial to plaintiff because plaintiff himself admitted that his testimony in the district court was inconsistent with his testimony in the instant case and the transcript was admitted as evidence in this case, by stipulation of plaintiff's counsel, for the purpose of showing such inconsistency in testimony.

With reference to the charge that the court erred in raising objections for defendant, we need not inquire into any occurrence prior to the court's suggestion of mistrial. By acknowledging that the trial was fair up to the time of such suggestion, plaintiff foreclosed himself from asserting any prior misconduct on the part of the court. After such acknowledgment of fair trial, plaintiff objected to the court raising an objection for defendant only in one instance. That occurred when plaintiff was being examined by his counsel regarding a prior injury which had no connection with the instant case. The court had originally admitted the testimony, subject to its being stricken. After the court heard further testimony, the following proceeding took place:

"THE COURT: Is this a running objection?

"MR. VITOUSEK: Yes, Your Honor. I object to this whole line of questioning.

"THE COURT: Sustained. Immaterial and irrelevant.

"MR. TRASK: If Your Honor please, I would like to register an objection to the Court.

"THE COURT: What is the objection?

"MR. TRASK: Calling upon Counsel to object when Counsel, I think, has the obligation to object if he wants to."

It will be noted that plaintiff's objection was not that the court acted improperly in striking the testimony, but that it acted improperly in calling upon defendant's counsel to object before mak-

ing the ruling. We see no reversible error in the court's action, for even without objection the court may reject improper evidence. (53 Am. Jur., *Trial,* § 135; 88 C.J.S., *Trial,* § 90.)

Plaintiff charges that the court failed to accord him the same protection that it gave to the defendant when called as a witness because, while it permitted defendant to answer certain questions "yes" or "no," followed immediately with explanations of answers, it did not permit plaintiff to explain his "yes" or "no" answer immediately. The only instance of such alleged discrimination to which plaintiff noted an objection occurred when he was being cross-examined by defendant's counsel, regarding his testimony in the district court. The following excerpt from the transcript of the proceeding in the circuit court shows the nature of the objection:

"Q [By Mr. Vitousek] Do you recall the question: 'In which direction was the vehicle traveling?' Answer: 'It was traveling . . .' Question: 'Let's use the red model. In what direction was it traveling?' Answer: 'Toward town.' Do you recall those two questions and answers?

"A No, I didn't know the direction.

"Q I'll give you a chance to explain after.

"MR. TRASK: I object. The explanation should come in at this time, Your Honor. He shouldn't be shut off.

"THE COURT: I have to overrule the objection. If the witness doesn't explain on redirect, you can ask him to explain."

Here, again, we see no reversible error in the court's action. The court did not completely foreclose plaintiff from explaining his answer. From the court's ruling, it was clear that if plaintiff did not have a chance to explain during the cross examination, his counsel could have adduced the explanation on redirect examination. The order of reception of evidence is a matter as to which the trial court has some latitude of discretion. (*Central Nebraska Public Power & Irrigation District* v. *Harrison,* 127 F. [2d] 588, 593.)

Affirmed.

*Arthur K. Trask* (also on the briefs) for appellant.

*Roy A. Vitousek, Jr.* (*Pratt, Tavares & Cassidy* with him on the brief) for appellee.