DUTY *v.* GUNTER.

5-2517                                                    350 S. W. 2d 908

Opinion delivered November 20, 1961.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Ben M. McCray,* for appellee.

CARLETON HARRIS, Chief Justice.   This is the second appeal in this case. In *Duty* v. *Gunter,* 231 Ark. 585, 331 S. W. 2d 111, a $2,000 judgment for appellee was reversed because of the court's error in admitting improper evidence.  On a second trial, the jury returned a verdict of $7,500 for appellee, and from the judgment entered thereon, appellant brings this appeal. The sole issue in this appeal is whether the verdict and judgment are excessive.

Mr. Gunter, age 60 at the time of the trial, was injured in an automobile collision on February 2, 1959. The proof reflects that Gunter's truck was worth between $1,700 and $1,900 before the accident, and that he was allowed $700 for same on the purchase of another truck subsequent to the accident.  Further, the appellee in-

curred an expense of $32.50 on the date of the collision, covering emergency medical, hospital, and ambulance bills; he has since expended $40 in medical and drug bills, and $33 for replacement of his glasses, which were broken at the time of the collision. Appellee suffered a cut over his eye, which required seven stitches. No medical evidence was offered, but according to Gunter's testimony, he suffered a broken rib, has frequent headaches, is very nervous, and is bothered by pain in his stomach, back, neck, and spine. One of his principal complaints deals with an inability to sleep. Gunter stated that since the wreck, he is only able to sleep two or three hours per night; that he generally sleeps until twelve or one o'clock, "and then that's all of it."

Appellant testified that due to his condition, he was unable to work, and had been unable to work since the collision; that he normally made $2.75 per hour when employed. Appellant points out that appellee did not show the availability of work during this period, and that he had not worked for fourteen months before he was injured. The record does reflect, however, that on the occasion of the collision near Russellville, he had gone from Benton to the site of a job near Dardanelle for the purpose of obtaining employment. Upon being advised that construction would probably start at the site in the spring, Gunter returned to Russellville to the employment office there, to ascertain how the labor would be handled. Shortly thereafter, he was involved in the collision from which stems this litigation.

Appellant cites several cases in support of his contention that the verdict is excessive. It is true that from a comparison, this verdict does appear unduly large. In *Turchi* v. *Shepherd,* 230 Ark. 899, 327 S. W. 2d 553 (1959), we said:

"A comparison of awards made in other cases is a most unsatisfactory method of determining a proper award in a particular case, not only because the degree of injury is rarely the same, but also because the dollar no longer has its prior value."

However, aside from other cases, we are very firmly of the view that the evidence in the instant case does not support the amount of judgment, *i.e.,* the injuries do not appear to be so substantial or disabling as to justify the amount awarded. Gunter was not in the hospital more than thirty or forty minutes, and was released, leaving by taxi. His medical expense was nominal; his visits to the doctor after the collision appear to be infrequent, and neither the broken rib, nor the "sleeplessness" complained of, was corroborated. Appellant strongly argues the failure of Gunter to offer supporting medical evidence. This, of course, is noticeable, but it is likewise true that appellant offered no medical evidence to minimize the asserted injuries.[1]

Determining the proper amount of award in a personal injury suit is indeed difficult, but when we give the evidence its greatest probative value, as we must, we are of the opinion that the proof introduced will not justify a judgment for personal injury damages in excess of $2,300. Giving Mr. Gunter the benefit of the highest figure mentioned in evaluating the truck before the collision, and deducting therefrom the value of the truck after the collision, we arrive at the figure of $1,200 for the loss of this property, or a total award of $3,500.

If within seventeen calendar days, a remittitur be entered in keeping with this opinion, the judgment is affirmed as so reduced. If such a remittitur be not entered, the case will be reversed and the cause remanded for a new trial.

McFADDIN and JOHNSON, JJ., dissent.

ED F. McFADDIN, Associate Justice, dissenting.

The only point urged by the appellant on this appeal is, "The verdict and judgment are grossly excessive." All other questions have been brushed aside. The verdict on the former trial is entirely beside the issue. That was

---

[1] The suit had been pending for about two years, and the complaint sought judgment for $22,400. Appellee alleged severe injuries, and asserted that "plaintiff will continue to suffer great and excruciating pain and mental anguish * * *." Apparently no effort was made by appellant to have appellee examined.

another jury. The only question, here, is whether the verdict for Gunter is so grossly excessive as to shock the conscience. The Majority is holding that the $7,500.00 verdict rendered by the jury in this case is grossly excessive; and from that holding I dissent.

This question of when a verdict is grossly excessive is one of the most perplexing problems that an appellate court has to consider. A trial jury views the plaintiff first hand, and determines the amount of the verdict; and, under our system of jurisprudence, that verdict should not be disturbed unless it is so grossly excessive as to shock the conscience of the appellate court. The right of trial by jury is guaranteed by our Constitution; and by the very nature of our government, trial by jury is a bulwark against oppression and radical changes; so an appellate court should consider the case most seriously before reducing any verdict.

In deciding whether the verdict is grossly excessive, the evidence in support of the verdict must be given its strongest probative force. The Majority mentions that the plaintiff's testimony is not corroborated by any medical evidence. It does not have to be corroborated. The plaintiff elected to state his testimony to the jury, who could observe him testify. His testimony is substantial, and corroboration is not necessary in considering the excessiveness of the jury's verdict. The question is whether twelve fair-minded men, sitting as a jury, could have reached the figure of $7,500.00 from the evidence in this record. If they could, then the verdict should stand. If they could not have reached such a figure, then the verdict should not stand. But, at all events, the evidence in favor of the verdict must be given its strongest probative force.

In this case, the verdict was for $7,500.00. The damage to Mr. Gunter's car is stated by the Majority to be $1,200.00; and I accept that figure. That leaves $6,300.00 The Majority lists expense items of $32.50, $40.00, and $33.00; and these total $105.50. Deducting these from the $6,300.00 leaves a balance of $6,194.50.

Now, here are the injuries that Mr. Gunter sustained which the Majority says are not worth $6,194.50: (1) Mr. Gunter suffered a cut over his eye which required seven stitches; (2) Mr. Gunter had a broken rib; (3) the collision occurred on February 3, 1959, and the case from which the present appeal comes was tried on April 4, 1961; and Mr. Gunter has suffered headaches from the time of the collision to the time of his testifying; (4) he is nervous and has been bothered by pains in his stomach, back, neck, and spine for over two years; (5) he has been unable to sleep more than two or three hours a night; and (6) he has been unable to work from the time of the collision to the time of his testifying, and if he has been able to work, his normal pay was $2.75 an hour when employed.

I do not know how much the physical injuries and pain are worth; but it occurs to me that a man fifty-nine years of age, who suffers all of these injuries and had been unable to work for over two years, is certainly entitled to substantial damages. I could not say, as a matter of law, that $6,194.50 is excessive. Did Mr. Gunter have to show, not only that he was able to work, but also that work was available to him and that he could have worked except for the injuries and could have drawn a certain amount of money? If he had to show these latter matters, then anyone who was injured during a depression could not recover anything for his injuries. No: it is loss of the capacity to work that constitutes damages.

In 15 Am. Jur. 502, "Damages" § 91, in discussing decreased earning capacity, the holdings are summarized: "Where disability to labor is established, a reasonable sum may be awarded therefor, irrespective of whether the injured person has any definite income, or is engaged in any occupation at the time." See also 25 C. J. S. pp. 512 and 619, "Damages" §§ 40 and 87.

Mr. Gunter was a carpenter and millwright, and testified that the pay for such work was $2.75 per hour. On the day of his injury, he had gone to Russellville to

see about employment on a government job soon to begin. After he saw about the work he went to see about renting a house to be near the place of work. He certainly would not have been contemplating the renting of a house unless he had a reasonable expectation of getting the work. If Mr. Gunter had worked eight hours a day at $2.75 an hour, he would have earned $22.00 a day. Working five days a week, he would have earned $110.00 a week. If he had worked only one year of fifty weeks, he would have earned $5,500.00. Yet the Majority is holding as grossly excessive the verdict of $6,194.50 for all of his injuries, pain, suffering, inability to sleep, and inability to work over the two year period. I cannot agree with such a holding: and so I dissent.