BENJAMIN F. JOHNSON *v.* LEE E. SARTAIN, ALSO KNOWN AS EDDIE SARTAIN, JOHNNY WELCH, AND ALFRED IMPERIAL, ALSO KNOWN AS FREDDIE IMPERIAL.

No. 4208.

October 10, 1962.

Tsukiyama, C.J., Cassidy, Wirtz, Lewis and Mizuha, JJ.

OPINION OF MIZUHA, J., IN WHICH TSUKIYAMA, C.J., JOINS.

This is an appeal by defendant-appellant Johnny Welch from a judgment for plaintiff-appellee, Benjamin F. Johnson, in an action for damages on account of injuries allegedly caused by an assault and battery by Alfred Imperial also known as Freddie Imperial. Alfred Imperial, who was a co-defendant, died before the trial, and as to another defendant Lee E. Sartain, who was in prison, the case was dismissed by the plaintiff.

In September 1952, plaintiff, while eating breakfast at the Mayflower restaurant, was approached by Alfred Imperial who said "Me boss speak you make fight with him." Plaintiff looked up and asked "What are you

talking about? Who's your boss?" Alfred Imperial then "clobbered" plaintiff in the eye.

At the close of the plaintiff's case, defendant Johnny Welch's motion for a directed verdict was denied. The jury returned a verdict for special damages in the sum of $250.00, general damages in the sum of $5,000.00, and punitive damages in the sum of $1,000.00. After the verdict, defendant's motion for a new trial was denied.

In this appeal, the defendant first contends that the lower court erred in denying defendant's motion for a directed verdict on the ground that the evidence was insufficient to warrant the submission of the case to the jury. A careful review of the record clearly indicates that there was substantial evidence to justify and support the verdict returned by the jury. The rule is set out in *Ross* v. *Ins. Co.*, 28 Haw. 404, 407, where it is stated:

"* * * [I]t is equally well settled in this jurisdiction that it is a question of law, within the province of this court to decide, whether there was before the jury in any given case evidence which was legally sufficient to support the verdict or to justify any particular finding of fact, that a mere scintilla of evidence is not sufficient to support a verdict and that there must be some substantial evidence in order to justify this court in sustaining a verdict or finding. * * *"

Plaintiff testified that as he was having breakfast at the Mayflower restaurant "* * * three men got up and approached the cashier's desk, talking in a very loud tone of voice. I heard one say to another, 'You see that black son-of-a-bitch? He think he's smart. Go over and lay a Sunday punch on him.' Hearing these words, I looked up and I recognized Mr. Welch nodding towards me. * * *" In response to questioning by his counsel, plaintiff further testified as follows:

"Q You testified a moment ago that you heard some-
body say, 'You see that black so and so. Lay a
Sunday punch on him.' Who said that?

"A Mr. Johnny Welch.

"Q You are sure about that?

"A Yes, sir."

Further, under cross-examination, plaintiff stated:

"At the time the words was being spoken my attention
was naturally attracted to the parties, and I particu-
larly noticed Mr. Welch using the words and nodding
towards me."

Thus, there was substantial evidence for the jury
to find that defendant deliberately instigated and ordered
Alfred Imperial to lay a "Sunday punch" on plaintiff.
*Cf., You Goo Ho* v. *Dr. Edmund T. K. Ing,* 43 Haw 289;
*Darcy* v. *Harmon,* 30 Haw. 12.

Defendant next contends that the trial court erred
in denying his motion for a new trial based on the ground
of excessiveness of the verdict. Review of a verdict on
a motion for a new trial on the ground of excessiveness
rests with the trial court. Appellate review of a verdict
on such ground is limited to a consideration as to whether
the trial court committed error of law or abused its
discretion in granting or denying a new trial. *Pooler* v.
*Stewarts' Pharmacies, Ltd.,* 42 Haw. 618, 622. See also
6 Moore, *Federal Practice,* § 59.08(6) (2d ed. 1953).

"* * * [A] finding of an amount of damages is so
much within the exclusive province of the jury that it
will not be disturbed on appellate review unless palpably
not supported by the evidence, or so excessive and out-
rageous when considered with the circumstances of the
case as to demonstrate that the jury in assessing damages
acted against rules of law or suffered their passions or
prejudices to mislead them." *Vasconcellos* v. *Juarez,* 37
Haw. 364, 366. See also *Tsuruoka* v. *Lukens,* 32 Haw.

263; *Ward* v. *I.-I. S. N. Co.,* 22 Haw. 488; *Alau* v. *Everett,* 7 Haw. 82. *Cf., Territory* v. *Adelmeyer,* 45 Haw. 144, 363 P.2d 979; *Izumi* v. *Park,* 44 Haw. 123, 351 P.2d 1083. In applying the above principle, we are required to resolve any conflict in the evidence "in favor of the jury's award and to that end give the evidence the strongest probative force it will admit." *Vasconcellos* v. *Juarez, supra* at 366.

It is not the function of the trial court, nor of this court, to substitute its judgment for that of the jury. In *Tsuruoka* v. *Lukens, supra* at 268-69, where the defendant contended that the jury award was excessive, this court in affirming the verdict, said:

"\* \* \* the question is not whether this court would have awarded as much if the case had been tried before it. It is simply whether, upon the evidence adduced, reasonable men could have come to the conclusion \* \* \*."

This court also said in *Lima* v. *Tomasa,* 42 Haw. 478, 483, a jury-waived case:

"Where there is an assertion that the damages awarded are excessive, this court will confine its inquiry to whether, upon the evidence adduced, reasonable men could have come to the same conclusion as the jury, or the trial court in a jury-waived case. \* \* \*"

We do not find here any prejudicial error of law. See 6 Moore, *Federal Practice,* § 59.08(6) (2d ed. 1953). *Compare Izumi* v. *Park, supra, with Pooler* v. *Stewarts' Pharmacies, Ltd., supra.* Appellant contends that the amount awarded is not reasonably proportionate to the injury sustained, asserting that it amounted to no more than a "black eye." We find in the record no abuse of discretion by the trial court in failing to order a new trial on the grounds of excessiveness of the verdict. See *Ahmi* v. *Cornwell,* 14 Haw. 301; *Pooler* v. *Stewarts' Pharmacies, Ltd., supra.*

Plaintiff testified that when Alfred Imperial "clobbered" him, he "fell back against the back portion of the booth * * * and before I could get up, my eye popped out and I had to reach up and hold it." He further testified that he suffered pain and severe headaches for three or four days; and that his right eye was very red and bloodshot for three to four months. At the time of the trial, which was nearly eight years after the assault, he testified that he still had some pain in his eye; that it occasionally would start running and get red; and that it was still very irritable. As a result of the blow, he had a slight scar over his right eyebrow which was then still visible. Moreover, a growth had formed in the right eye. He also said that a doctor he visited over a year after the assault stated that he would have to have a minor operation or wear glasses.[1]

Thus, construing the record in this case most favorably for the amount of damages awarded, *Vasconcellos* v. *Juarez, supra* at 366, sufficient weight must be given to plaintiff's own testimony with respect to the permanency of the injuries he sustained. There being evidence of pain and suffering endured by him up to date of the trial, recovery may be had therefor. *Reinhardt* v. *County of Maui*, 23 Haw. 524. In the instant case the date of trial was eight years after the assault.

By agreement, the court instructed the jury, under the head of general damages, that it was left to their sound discretion "what amount will fairly compensate an injured person for his injuries, pain, suffering and mental anguish." As to punitive or exemplary damages, the jury was instructed that such damages were designed "to punish one for an unlawful act" and "to set an

---

[1]Defendant did not offer any medical testimony as to the present condition of plaintiff's right eye, although defendant had the right to have plaintiff submit to a physical examination under H.R.C.P., Rule 35(a), and R.L.H. 1955, § 225-2.

example and to deter him and others from doing a similar act."

In the present case we must review the verdict under the instructions agreed to, and accordingly consider the punitive damages of $1,000.00 as having been awarded by way of punishment and as a deterrent. We must consider the general damages of $5,000.00 to include such mental anguish and suffering "found to be the necessary and inevitable consequence of the physical injuries and physical suffering." *Choy* v. *Otaguro*, 32 Haw. 543, 559.

This is not a case where damages were measurable to some degree of certainty or were capable of ascertainment by calculation, or one where fixed standards or scales were available. *Cf.*, *Izumi* v. *Park*, 44 Haw. 123, 351 P.2d 1083. Rather, the instant case conforms in nature to the *Pooler* case, *supra*, where it was said, "The verdict in this case was for general damages, embracing items not subject to precise mathematical calculations, such as permanent injuries, pain and suffering. * * *" *Pooler* v. *Stewarts' Pharmacies, Ltd., supra* at 625. It would seem that in this category of cases, we are bound to heed the warning given by Justice Brandeis in *Fairmount Glass Works* v. *Cub Fork Coal Co.*, 287 U.S. 474, 485, which this court quoted with approval in the *Pooler* case, *supra.* at 623, to wit:

"* * * 'Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence and perspicacity in appraising the jury's conduct.' "

"[T]he appellate court should have due regard for the trial court's 'feel for the case.' " *Rainbow Is. Prod.* v. *Leong Agency*, 44 Haw. 134, 137, 351 P.2d 1089, 1091. The trial judge heard all the testimony of the witnesses and observed their demeanor and manner of testifying, and denied the motion for a new trial. Such action is fully supported by the record.

One further matter must be discussed. In orally denying the motion for new trial after the verdict had been rendered, the trial court stated in part as follows:

"As far as the $5,000 goes, from the evidence it appears that this was *an absolutely deliberate attack* on Mr. Johnson, and Mr. Johnson did show the red mark that was still on the white portion of his eye, if I remember correctly. At least there was a red mark still on his eye at the time of the trial, which he said came from being punched, and he testified also, I think, to a scar above the eye.

"And then as far as the $1,000 damages go, the evidence shows that this was *a deliberate attack* and that Mr. Welch, the defendant, told somebody else to punch Mr. Johnson.

"It appears to the Court that the verdict is reasonably based on the evidence and not excessive, and that the motion for a new trial should be denied on all grounds. So it is denied on all grounds." (Emphasis added.)

The above statement is seemingly open to the interpretation that the trial court considered the "deliberate" character of the attack to bear upon the compensatory aspects of the damages recovered by the plaintiff. Counsel for appellee argued that this was an inadvertent remark made by the trial judge when he orally denied the motion for a new trial. We find it unnecessary to reach the question whether the trial court erred in this regard for the amount of $5,000.00 for compensatory damages is adequately supported by the record and conforms to the instructions given by agreement.

Affirmed.

*John R. Desha, II* for defendant-appellant.

*Greenstein & Franklin* (*Hyman M. Greenstein*) for plaintiff-appellee.

I concur in the portion of the opinion concerning the sufficiency of the evidence to sustain the verdict of liability.

As to the alleged excessiveness of the verdict, the matter primarily is one for the trial judge, subject to review by this court of the question whether he abused his discretion. I am in agreement with the opinion on that point. However, I find it necessary to reach the question whether the trial judge erred in considering the deliberate nature of the attack in reviewing the $5,000 award of general damages.

It is well settled that, in an action for assault and battery, compensatory damages may be allowed for the mental anguish "caused by the insult of the blows received." 1 Sutherland, *Damages,* § 95 at 339 (4th ed.) ; *id.,* vol. 4, § 1243 at 4668-69; 4 Am. Jur., *Assault and Battery,* § 184; C.J.S., *Assault and Battery,* § 54b(2) ; Restatement of the Law of Torts, § 905(b) comment c; *Webb* v. *Gilman,* 80 Me. 177, 13 Atl. 688; *Fleming* v. *Loughren,* 139 Iowa 517, 115 N.W. 506; *Marble* v. *Jensen,* 53 Utah 226, 178 Pac. 66; *Hall* v. *Martindale,* 166 S.W.2d 594, 603-08 (Mo. App.) ; *Pendleton* v. *Norfolk & Western Ry.,* 82 W. Va. 270, 95 S.E. 941, 16 A.L.R. 761; *Gray* v. *Janicki,* 118 Vt. 49, 99 A.2d 707. But see *Mahoning Valley Ry.* v. *De Pascale,* 70 Ohio St. 179, 185, 71 N.E. 633, 634-35.

As the cited cases show, damages for the mental anguish caused by the circumstances of the assault and battery may be allowed in addition to punitive damages. Likewise, such damages may be allowed though punitive damages are not allowable against the particular defendant, as in the case of a principal who has not authorized or ratified the malicious act. See *Maisenbacker* v. *The Society Concordia,* 71 Conn. 369, 42 Atl. 67; *Tri-State Coach Corp.* v. *Walsh,* 188 Va. 299, 49 S.E.2d 363; *Rueping* v. *Chicago & Northwestern Ry.,* 116 Wis. 625,

93 N.W. 843, distinguishing negligence cases; *Bullock* v. *Tamiami Trail Tours, Inc.,* 266 F.2d 326, 332 (5th Cir.), holding a carrier liable for a violent assault upon a passenger by a third person which the carrier should have prevented and remanding for the entry of judgment for "reasonable compensatory damages, including damages for physical injury and mental suffering and humiliation" but not punitive damages. The reason is, as stated in *Rueping,* that the circumstances of the injury are material in determining compensatory damages, when "of such special nature as to present, as one of the elements to be compensated for, sense of wrong or insult arising from an act apparently dictated by a spirit of wilful injustice or a deliberate intent to vex or degrade." According to an instruction approved in *Jones* v. *Franklin,* 139 Colo. 384, 340 P.2d 123, "Fear, anxiety, indignity and disgrace" constitute one of the five elements to be considered in assessing actual damages for an assault and battery, along with physical injuries and shock, pain and suffering, medical expenses, and loss of earnings.

*Choy* v. *Otaguro,* 32 Haw. 543, 559, was a negligence case, and the matter here under consideration was not involved. *Cf., Marceil* v. *Freitas,* 9 Haw. 396, a case of assault and battery, in which this court held the damages not excessive "taking into consideration the actual damages he had sustained, the great suffering of mind and body he had undergone in consequence of the violent acts of the defendant."

It was alleged and proved in this case that the attack was violent, unprovoked and without justification of any kind. After the assault plaintiff, a cab driver, sought out another cab driver to take him back to his place of business, he being unable to drive, and at that time was in such a state that he had difficulty in explaining to the other cab driver what he wanted.

By agreement the jury was permitted to consider the element of mental anguish in determining the general damages. As shown by the authorities above cited, the deliberate nature of the attack was related to the question of mental anguish. And as stated in *Fleming* v. *Loughren, supra:* "Severe personal chastisement will so certainly humiliate the receiver thereof that it may be presumed." So, in *Smith* v. *Holcomb,* 99 Mass. 552, 554, it is stated: "The insult and indignity inflicted upon a person by giving him a blow with anger, rudeness or insolence, occasion mental suffering. * * * They ought to be regarded as an aggravation of the tort * * *." Moreover, the jury might take into account that the assault was in a public place, a restaurant frequented by defendant, in the presence of at least one employee of the restaurant, the cashier. *Cf., Carmody* v. *Trianon Co.,* 7 Wash. 2d 226, 109 P.2d 560; *Maisenbacker* v. *The Society Concordia, supra,* 71 Conn. 369, 42 Atl. 67; *Root* v. *Sturdivant,* 70 Iowa 55, 29 N.W. 802; *Beaucoudray* v. *Hirsch,* 49 So. 2d 770 (La. App.).

In some cases other evidence may negative the aggravation of the injury. See *Mecham* v. *Foley,* 120 Utah 416, 235 P.2d 497. I do not feel that this is a case to be disposed of on that basis. I accordingly find no error in the consideration by the trial judge of the deliberate nature of the attack in reviewing the general damages, as well as the punitive damages. In the result, the general damages take into account the aggravation of the injuries by the circumstances, while the exemplary damages under the instructions of the court are purely punitive in nature.[1]

---

[1] In some jurisdictions exemplary damages are not deemed punitive but instead are based on the aggravation of the injuries by the circumstances. 15 Am. Jur., *Damages,* § 266 at 702; Annot., 16 A.L.R. 771, 793, and 123 A.L.R. 1115, 1121; note, 70 Harv. L. R. 517, 520. Under the instructions agreed to in this case that point of view need not be considered.

However, the verdict should be considered as a whole, for if defendant has been punished enough by the compensatory damages he should not be punished further. *Pendleton* v. *Norfolk & Western Ry., supra,* 82 W. Va. 270, 95 S.E. 941; 16 A.L.R., *supra* at 779; 70 Harv. L. R., *supra* at 525; *cf., Mecham* v. *Foley, supra,* 120 Utah 416, 422, 235 P.2d 497, 499. Considering the circumstances of this case and the province of the jury and trial judge, I do not find the verdict excessive and therefore join in affirming the judgment.

WIRTZ, J., WITH WHOM CASSIDY, J., JOINS, DISSENTING:

In my opinion, a realistic appraisal of the evidence in the record discloses that the injuries sustained by plaintiff resulted in, at most, a "black eye," albeit a severe one. I am of the conviction that the award of the jury of $5,000 as general damages for such injury was clearly excessive under the rule applicable in this jurisdiction as set forth in *Vasconcellos* v. *Juarez,* 37 Haw. 364, 366. *Cf., Crawford* v. *American Stores Co.,* 5 N.J. Misc. 413, 136 Atl. 715; *Dyer* v. *Warwick,* 19 La. App. 354, 140 So. 254; *Lexington & E. Ry.* v. *Robinson,* 186 Ky. 739, 216 S.W. 86; *Brannan* v. *St. Paul Mercury Indem. Co.,* 4 So. 2d 56 (La. App. 1941); *Jackson* v. *Ellis,* 213 Ark. 826, 212 S.W.2d 715; *Pagliro* v. *Cleveland,* 302 Ky. 306, 194 S.W.2d 647; *Kansas City So. Ry.* v. *Hopson,* 208 Ark. 548, 186 S.W.2d 946; *Dillon* v. *Miranne,* 11 So. 2d 269 (La. App. 1942). It should be borne in mind that the jury, in the same verdict, awarded punitive damages in the sum of $1,000, which was warranted by the deliberate attack made on plaintiff, and this aspect of damages has no place in the consideration of the adequacy of the general damages which are compensatory in nature.

The verdict of the jury in this case in making this unsupportable award for general damages is understand-

able in view of the volunteered and unresponsive testimony of the plaintiff on cross-examination, painting a most tragic picture of his straitened financial condition and the hardships suffered by him and his family because of the "hard times" he and they went through at about the time of this unfortunate incident, including the necessity, as he testified that "I had to dispense with everything that I had in order to take care [of] the death of a sister and a major operation on another." The evidence was clearly inadmissible and without doubt would have been stricken had an appropriate motion been made. Even absent such a motion, the evidence was so flagrantly irrelevant and prejudicial that it is difficult to understand why the court did not exclude it of its own volition. *Cf., Lindeman* v. *Raynor,* 43 Haw. 299, 303. Sympathy, induced by such evidence, can only tend to overwhelm a jury into an unrealistic display of generosity.

The intimation in the main opinion that it is incumbent on a defendant in a personal injury case to offer medical testimony concerning the extent of plaintiff's injuries to counter the self-serving statements of plaintiff, who himself offered no medical testimony, is particularly disturbing. Such a requirement, simply because we have a statute giving the defendant a right to have a plaintiff submit to a medical examination in personal injury cases, would seriously affect the burden of proof in such cases. It is basic, in my understanding, that a plaintiff has the burden to sustain by adequate evidence the extent of damages suffered by him. To require the defendant to meet the self-serving statements of the plaintiff concerning the damages sustained by him by competent medical testimony would in effect require the defendant, to some extent, to establish the case against himself.

In *Cherry* v. *Hawkins,* 137 So. 2d 815, 818 (Miss.

1962), the court had this to say concerning a jury award of $4,500 for eye injuries from a negligently operated electric torch:

"* * * An eye injury is one which particularly indicates the need for expert medical testimony, where a plaintiff is seeking substantial damages, as here. The physiology and prognosis of eye injuries are complex medical questions. Plaintiff's evidence leaves the jury and the court completely in the dark as to the precise injuries to his eyes and the future effects, if any, of those injuries.

"The burden was on plaintiff to show the extent of his injuries and loss of earnings. His evidence fails to meet that burden, gives no indication of the medical nature of the injuries to his eyes, and no possible measure of the loss of earnings. For these and the other stated reasons, the verdict is grossly excessive."

The court in *Duty* v. *Gunter,* 350 S.W.2d 908 (Ark. 1961), reduced a jury award of $6,300 to $2,300 for personal injury damages involving a cut eye requiring seven stitches, a broken rib and sleeplessness caused by pain, saying at page 909:

"* * * we are very firmly of the view that the evidence in the instant case does not support the amount of judgment, i.e., the injuries do not appear to be so substantial or disabling as to justify the amount awarded. Gunter was not in the hospital more than thirty or forty minutes, and was released, leaving by taxi. His medical expense was nominal; his visits to the doctor after the collision appear to be infrequent, and neither the broken rib, nor the 'sleeplessness' complained of, was corroborated. Appellant strongly argues the failure of Gunter to offer supporting medical evidence. This, of course, is noticeable, but

it is likewise true that appellant offered no medical evidence to minimize the asserted injuries.

"Determining the proper amount of award in a personal injury suit is indeed difficult, but when we give the evidence its greatest probative value, as we must, we are of the opinion that the proof introduced will not justify a judgment for personal injury damages in excess of $2,300."

Further, the absence of medical testimony casts grave doubts that the assault here perpetrated on the plaintiff caused the conditions complained of at the trial. In *Kimmel* v. *Solow*, 199 N.Y.S.2d 375, the court had this to say at page 376:

"There was no testimony in open court by the doctor who treated respondent or by the doctors who examined her; in lieu thereof the doctors' reports were received in evidence pursuant to the consent of the parties. There was no direct issue of the doctors' credibility to be determined by the trier of the facts. In our opinion, the evidence did not require or justify findings that the accident was the competent producing cause of all the conditions testified to by respondent and that such conditions were permanent."

*Cf., Raphael* v. *Chicago & West Towns Rys.*, 293 Ill. App. 58, 11 N.E.2d 831.

I would remand the case with a remittitur offering the plaintiff the opportunity to accept a substantially lesser sum on general damages in lieu of a new trial.