DUTY *v.* GUNTER.

5-2009                                        331 S. W. 2d 111

Opinion delivered January 26, 1960.

*Russell & Hurley,* for appellant.

*Ben McCray,* for appellee.

JIM JOHNSON, Associate Justice. This case involves an action for damages arising out of a truck and automobile collision.

Appellee, G. E. Gunter, brought suit in Circuit Court alleging that as he was driving his 1959 pickup truck in an easterly direction along U. S. Highway 64 between Russellville and Morrilton in a careful and prudent manner and at a reasonable rate of speed, the appellant, while trying to pass him traveling in the same direction, drove his automobile into appellee's truck demolishing the truck and injuring appellee.

Appellant, W. B. Duty, and Mrs. Duty filed coun-terclaims alleging that Mr. Duty was proceeding along the highway in a careful and prudent manner and that appellee drove his truck from a side road or driveway onto said highway and into the appellant's car, damaging the car and injuring both counter-claimants.

The usual allegations of negligence were alleged on complaint and counterclaims.

The cause was submitted to the jury upon two completely opposing theories of how the collision occurred: appellee's theory that apepllant struck his truck while attempting to pass, and appellant's theory that appellee came into the highway from a side road or driveway and struck his car. The jury returned a verdict in favor of appellee Gunter in the sum of $2,000 for injuries and property damage. From this judgment comes this appeal.

For reversal, appellant relies on two points, the first of which is: "That the verdict of the jury is against the clear preponderance of the evidence." From a careful review of the record we concede that point one is well taken. However, in passing on cases on appeal from a jury verdict in Circuit Court, the test is not whether the verdict is against the preponderance of the evidence but whether there is any substantial evidence to support the verdict. See: West's Arkansas Digest, Appeal & Error, Key, 989, Vol. 2, page 653. It is true that the legal sufficiency of evidence to support a jury finding is a question of law. *Pine Bluff Heading Co.* v. *Bock,* 163 Ark. 237, 259 S. W. 408. Even so, the facts presented in the case at bar relative to any negligence of appellant are so close that we are not here passing on this question since this case is being decided on other grounds.

Appellant's second point relied on for reversal is: "That the court erred in allowing the introduction of photographs without first requiring the appellee to lay the foundation for the introduction of such photographs by showing that they were correct representations or

reproductions of the conditions of the *locus in quo* at the time of the alleged injury and damage.''

The record reveals that the trial court allowed into evidence, over the proper objections of appellant, certain photographs taken by Warren Gunter, son of appellee. This witness admitted that the pictures of the locality which he introduced into evidence as pictures of the scene of the accident were taken upon information he had received from another person and not from his own knowledge and that his only knowledge concerning the location of the accident was from hearsay; the party from whom he had obtained his information not being present when the pictures were made. This witness was unable to testify that the pictures were correct representations or reproductions of the conditions at the scene of the accident at the time of the alleged injury and damage. Therefore, following our rule set out in *Ford* v. *Missouri Pacific Railroad Co.,* 168 Ark. 884, 271 S. W. 967, wherein this Court said: ''The admission of photographs of the alleged locality was improper in the absence of a showing that they were correct representations or reproductions of the locality at the time of the alleged injury,'' the case will be reversed and the cause remanded for a new trial.

The Chief Justice and Justice GEORGE ROSE SMITH would reverse and dismiss.