WOMACK v. BRICKELL.

5-2123                                        337 S. W. 2d 655

Opinion delivered June 6, 1960.

[Rehearing denied September 26, 1960]

*Frank Sloan, Jack Segars,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

JIM JOHNSON, Associate Justice. This case involves claims for damages arising out of an automobile and tractor collision.

Appellees, J. B. Brickell and Broadway Packing Company, Inc., brought this action for damages for personal injuries sustained by Brickell while driving an automobile owned by the appellee company and for property damages to the automobile, respectively, in an accident occurring May 28, 1959, with a tractor owned by appellant Tom Womack and driven by appellant Foy Wisham.

Trial to a jury resulted in a verdict rendered upon special interrogatories finding appellants liable for damages as a result of concurring negligence with appellees and fixing the respective percentages of fault at 70% against appellants and 30% against appellees.

After the jury returned a special finding of total damages for personal injury in favor of appellee Brickell for $63.10, the court interrogated the jury as to whether they had allowed Brickell anything for pain and suffering, and upon being advised in the negative and being further told by the jury that only medical and hospital cost had been allowed, directed the jury to return a verdict for pain and suffering and ordered them to retire for further deliberation.

Upon returning the second verdict, the jury increased the figure for total damage for personal injuries to Brickell from $63.10 to $163.10.

Appellants objected to the interrogation of the jury when it returned its first verdict and to the direction that an allowance had to be made for pain and suffering as being an invasion of the province of the jury by the trial judge.

For reversal, appellants rely on three points. We find no merit in two of the points, therefore, only the above objection will be discussed in this opinion.

After the jury had returned its verdict into open court awarding appellee Brickell $63.10 for his total

damages, instead of accepting the verdict, the court, over objection, inquired as to the basis of the finding and was told by a juror that the jury intended to return a verdict for hospital and medical cost and did not award anything at all for pain and suffering. Since no member of the jury dissented to this statement, it was equivalent to a special finding by the jury. See annotation: "Propriety of court questioning jury as to meaning of their verdict, or for purpose of correcting it in matter of form." 164 A.L.R. 989, 993, Sec. II a, 1, d.

The court then told the jury, over specific objection that it was invading their province, that Brickell was entitled under the law to recover for physical pain and mental anguish and directed the jury to retire.

The jury then returned a different verdict allowing Brickell $163.10, whereupon the court discharged the jury.

After careful consideration, we cannot escape the conclusion that the action of the trial court in this respect was an invasion of the province of the jury requiring a reversal of this cause.

The Constitution of Arkansas, Art. 2, Sec. 7, provides:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law . . ."

*Ibid,* Art. 7, Sec. 23, provides:

"Judges shall not charge juries with regard to matters of fact, but shall declare the law . . ."

In 89 C. J. S. 203, Sec. 517 c. (2), it is stated:

"As a general rule where the determination of the amount of recovery is exclusively within the province of the jury the court has no power to amend the verdict by increasing the amount found by the jury." (Citing: 64 C. J., p. 1099, n. 29, which cites *Rice & Holiman* v. *Henderson,* 183 Ark. 355, 35 S. W. 2d 1016). Accord: 53 Am. Jur. 758, Sec. 1094.

In *Beckley* v. *Miller,* 96 Ark. 379, 131 S. W. 876, this Court held that the trial court exceeded its power in

reducing a verdict rendered on evidence of plaintiff in the sum of $506.40 to $214, as shown by evidence offered for defendant. There it was said:

"The trial court may tell the jury in a proper case that there is no question of fact for it to determine, and may also set aside a verdict for errors committed by the jury and grant a new trial; but it can never substitute its judgment for that of the jury on a disputed question of fact. It is obvious that, if the trial court could do this, the verdict of the jury would have no binding force but would be persuasive merely as is the case of the verdict of a jury in a chancery court. The amount to be recovered by the plaintiff was a disputed question of fact, and it was the exclusive province of the jury to determine it . . ."

So, also, we have held that the trial court is without power to add to the verdict as in *Rice & Holiman* v. *Henderson, supra,* where the jury returned a verdict for a stated sum "with hospital and doctor's bills to be paid by defendants" and there was no evidence as to the amount of the hospital bill.

As we view the case at bar, the only proper course to follow was as provided in Ark. Stats. Sec. 27-1738:

"The verdict shall be written, signed by the foreman and read by the court or clerk to the jury, and the inquiry made whether it is their verdict. If any juror disagrees, the jury must be sent out again, but if no disagreement is expressed, and neither party requires the jury to be polled, the verdict is complete and the jury discharged from the case."

Of course, the testimony of appellee Brickell as to his personal injuries should not have been treated as uncontradicted because he was a party. *Conway* v. *Hudspeth,* 229 Ark. 735, 318 S. W. 2d 137; and, further, different inferences might have been drawn from both his testimony and the testimony of his physician, W. M. Douglas, introduced by stipulation. Brickell testified that he told Foy Wisham he didn't think he was hurt and the physician reported: "Physical examination of the

neck and adjacent areas revealed no significant findings except the subjective tenderness on motion of his neck."

Certainly "fair minded men may differ" about the inferences to be drawn as to pain and suffering, and might consistently say that there was no proof thereof convincing to their minds. The court was, therefore, not justified in peremptorily instructing the jury that Brickell was entitled to recover for physical pain and mental anguish and directing further deliberation. See: *Harkrider v. Cox,* 230 Ark. 155, 321 S. W. 2d 226; and *Thiel v. Dove,* 329 Ark. 601, 317 S. W. 2d 121.

From a careful review of the record it is apparent that the jury had, in effect, found that no pain and suffering had been endured by Brickell. Therefore, the judgment insofar as it pertains to appellee J. B. Brickell is reversed and the cause is remanded for a new trial. Regarding appellee Broadway Packing Co., Inc., the situation is entirely different. This case was submitted to the jury on separate interrogatories and separate findings were returned as to damages sustained by each appellee. That, in effect, amounted to the return of two separate verdicts. Therefore, the rule recognized in *Wilson v. Davis,* 230 Ark. 1013, 328 S. W. 2d 249—that the verdict in a law case being an entirety could not be divided by affirming in part—does not here apply. The error here committed affected only the verdict or judgment in favor of appellee Brickell: there being no contention that error existed in the verdict or judgment in favor of appellee Broadway Packing Company, Inc., such judgment is affirmed.

Reversed in part. Affirmed in part.