FITZHUGH v. ELLIOTT.

5-3073                                      371 S. W. 2d 533

Opinion delivered October 21, 1963.

*Cole & Scott,* for appellant.

*Wootton, Land & Matthews,* for appellee.

JIM JOHNSON, Associate Justice. This is a tort action for damages resulting from automobile collisions. On December 13, 1960, between 6:00 and 6:30 P.M., appellee J. Kathryn Elliott was driving a Ford car east on Page Avenue in Malvern, and turned north (left) into Olive Street. At the same time appellants were driving west. Appellant Marvin Holst, driving a Hudson car, was followed by appellant Rebecca Fitzhugh, driving a Buick. In the intersection appellee's car collided with appellant

Holst's car, which, being knocked back, collided with appellant Fitzhugh's car. Suit was filed February 15, 1961, and after answer, cross-complaint and amendments, the matter came to trial before the Hot Spring Circuit Court on August 20, 1962. After deliberation, the jury returned the following verdicts:

"We the jury, find the damages of the parties as being:

| | |
|---|---|
| J. Kathryn Elliott | $1,500.00 |
| Rebecca Fitzhugh | 300.00 |

E. D. Yates, Foreman

"We the jury, find that the negligence which was a proximate cause of Mrs. Elliott's damages to be:

| | |
|---|---|
| J. Kathryn Elliott | 20% |
| Marvin Holst | 40% |
| Rebecca Fitzhugh | 40% |
| Total | 100% |

E. D. Yates, Foreman.

"We the jury, find that the negligence which was a proximate cause of Mrs. Fitzhugh's damages to be:

| | |
|---|---|
| J. Kathryn Elliott | 20% |
| Marvin Holst | 40% |
| Rebecca Fitzhugh | 40% |
| Total | 100% |

E. D. Yates, Foreman"

Appellant Fitzhugh moved the court to set aside the verdict against her, alleging that there was no evidence in the record to support a finding of negligence on her part, and the court reserved judgment on that verdict. On November 20, 1962, another motion to set aside the verdict and motion for new trial was filed on behalf of both appellants. After oral argument November 23, 1962, the court set aside the verdict against appellant Fitzhugh on appellee's cross-complaint, finding that there was no evidence in the record to support a finding that the in-

juries complained of in the cross-complaint were proximately caused by any negligence on the part of appellant Fitzhugh. The motion to set aside the verdict against appellant Holst was denied, as was the motion for new trial. The court gave appellee judgment against appellant Holst for $1,200.00, and gave appellant Fitzhugh judgment against appellee for $180.00. From the judgment comes this appeal. There is no cross-appeal from the directed verdict eliminating appellant Fitzhugh's liability.

For reversal appellants rely upon three points, two of which question the correctness of certain instructions and urge that the trial court erred as to the manner of submission and the verdict forms used. While it is true that the instructions could have been better worded and the verdict forms more detailed, we cannot under the peculiar facts in this case say that the action of the court with respect to these two points constituted reversible error. Appellant's third point urged for reversal causes us considerable concern. This point questions the correctness of the trial court's refusal to grant a new trial after having directed a verdict in favor of Mrs. Fitzhugh on Mrs. Elliott's cross-complaint.

The jury determined negligence of the parties to this action, apportioning the negligence among them so that it totaled 100%, which was proper. The trial court in its judgment reduced Mrs. Elliott's recovery on her cross-complaint by 20%, her negligence as determined by the jury, and reduced Mrs. Fitzhugh's recovery on her complaint by 40%, her negligence as determined by the jury. This is the proper procedure [under Ark. Stat. Ann. §27-1730.2 (Repl. 1962), *Peugh* v. *Oliger,* 233 Ark. 283, 345 S. W. 2d 610; *Walton* v. *Tull,* 234 Ark. 882, 356 S. W. 2d 20] in a case where negligence has been apportioned on the basis of 100%. In the case at bar, after the jury apportioned the negligence of Mrs. Elliott at 20%, Holst at 40% and Mrs. Fitzhugh at 40%, the court by directed verdict eliminated Mrs. Fitzhugh's liability of 40% in the cross-action of Mrs. Elliott. The court then

reduced Mrs. Elliott's damages of $1,500.00, as determined by the jury, by 20%, her own negligence, and rendered judgment against Holst for the entire $1,200.00. The practical result is that although the jury had found Holst to be only 40% negligent, the court granted judgment against him for 80% of the damages.

The general principle applicable here is set out in 53 Am. Jur., Trial, §1094, p. 758:

"While the practice of amending verdicts in matters of form is one of long standing, based on principles of the soundest public policy in the furtherance of justice, it is strictly limited to cases where the jury have expressed their meaning in an informal manner. The court has no power to supply substantial omissions, and the amendment in all cases must be such as to make the verdict conform to the real intent of the jury. The judge cannot, under the guise of amending the verdict, invade the province of the jury or substitute his verdict for theirs. After the amendment the verdict must be not what the judge thinks it ought to have been, but what the jury intended it to be. Their actual intent, and not his notion of what they ought to have intended, is the thing to be expressed and worked out by the amendment."

In the present case, the jury made no informal expression whatever. It returned a formal verdict which the court, some months after the jury had been discharged, set aside in part. The setting aside of one part of the jury's finding of a single fact, *i.e.*, apportionment of negligence of the parties, leaves us with no clue as to what the jury's actual intent would have been had Mrs. Fitzhugh's negligence not been considered by them. Further, as we have seen, the court's action had the effect of doubling the liability of appellant Holst. The trial court's authority to set aside the jury verdict rendered against Mrs. Fitzhugh is manifest. However, we know of no authority, nor have we been shown authority, which would permit a court to modify a jury verdict on a question of liability and substitute its own. It is our

view that the additur in the present case increasing the verdict of the jury without the consent of the party prejudiced, if permitted to stand, would effectively deny that party the constitutional guaranty of trial by jury. It follows, therefore, that the judgment is reversed and the cause is remanded for a new trial.