James W. Miller, d/b/a A. & A. Const. Co.
v. John T. Garner et ux

5-4035                                     409 S.W. 2d 336

Opinion delivered December 19, 1966

*Harper, Harper, Young & Durden,* for appellant.

*Robinson & Rogers,* for appellees.

Guy Amsler, Justice. Appellees John T. Garner and his wife granted the City of Fort Smith a right-of-way easement for a water line across a small portion of their property in Crawford County, Arkansas, in 1964. Appellant James W. Miller, d/b/a A & A Construction Company was the subcontractor who excavated the ditches and laid the line across the Garner property. Appellant used dynamite and ammonium nitrate in loosening up the shale and granite while digging the ditches. Appellees contend that the blasting damaged their home and filed suit for $9,500.00 against appellant (and the contractor) in Crawford Circuit Court. The Court dismissed the case against the principal contractor and there was no appeal from this action.

The jury returned a verdict for damages in the

sum of $4,950.00, on which judgment was entered and this appeal followed.

For reversal, appellant urges two points: (1) there was no substantial evidence to support the jury's verdict; and (2) the court erred in permitting the jury to complete its verdict in open court and that the court's action constituted an invasion of the province of the jury.

A brief review of the evidence indicates that point one is not well taken. Appellee John T. Garner testified that there were no cracks in his house prior to the blasting and that numerous imperfections appeared while the work was in progress, some 80 feet from his house. He complained to those in charge and was given assurances that if damage was done it would be taken care of.

The stone mason, carpenter and building contractor who inspected the house for appellees found cracks (some of them as wide as a pencil) and all three were of the opinion that the imperfections were not due to the foundation settling. Witnesses for both sides pretty well agreed that cracks in houses, due to settlement, usually occur during the first year after a structure is erected. Appellant's witnesses found some defects but were of the opinion that they "could" have resulted from causes other than the blasting.

On the question of damages the jury accepted the lowest estimate ($4,950.00) given by a witness for appellees (the man who built the house). His testimony was not as detailed as might be desired but we are unwilling to say that it is not of a substantial nature. Another qualified witness estimated the damages at $5,000.00 to $6,000.00.

The evidence as a whole was sufficient to carry the case to the jury and that being true we follow our long established rule of not overturning a jury verdict that

is based on substantial evidence. *Duty* v. *Gunter,* 231 Ark. 585, 331 S. W. 2d 111; *Williams* v. *Cooper,* 224 Ark. 317, 273 S. W. 2d 15.

Point two is bottomed on these happenings: The jury brought in a verdict that read: ''We, the Jury, find for the plaintiffs.'' Then this colloquy between the court and jury occurred:

''THE COURT: But you haven't fixed any amount.

FOREMAN: They said the amount that they asked for.

THE COURT: Now, did they say the amount asked for or the amount that was testified to?

JUROR: $4,950.00.

THE COURT: Is that the amount you agreed on?

FOREMAN: It is, Your Honor.

THE COURT: Was the verdict unanimous?

THE FOREMAN: It was.''

The Judge then amended the verdict to show $4,-950.00 as plaintiffs' damages and discharged the jury.

After the jury had departed the defendant made the following motion:

''The defendants move that the Court at this time declare the same to have been a mistrial, for the reason that the Jury was properly instructed as to the form of the verdict and was instructed prior to their retirement to the jury room for deliberation that if they did, in fact, find for Plaintiffs on the issues in this case, that they should fix the sum or

amount which would be required to reasonably repair the damages to Plaintiffs' property. They failed to insert in the verdict such amount and only upon prompting by the Court upon the effect of the verdict, the Foreman stated that it was the intent of the Jury to find for the plaintiffs in the full amount sued for. Whereupon, the Court asked the Foreman, Mr. Sam Turner, if it was intended that the jury was to find for the full amount sued for or the amount that had been testified to, and in response, the foreman, Mr. Sam Turner, said that it was the amount testified, being $4,950.00, which was the testimony of one of the Plaintiffs' witnesses, Willie Wikman. Whereupon, the Court inquired of the entire panel assembled before the bench whether that was the amount to which they had agreed. They nodded their assent and following which the Court inserted in the verdict, the phrase 'the sum of $4,950.00.' "

Appellant contends, *inter alia,* that the jury should have been sent back for further deliberation on the amount of damages. Perhaps no one would gainsay that such is the more appropriate and acceptable practice. Had timely request been made of the capable trial judge he doubtless would have followed the customary procedure and had the jury retire for further consultation regarding the amount to be awarded.

The truth is that the verdict as to damages is an accurate expression of the jury's finding and is not an expression of the judge's views. In *Fitzhugh* v. *Elliott,* 237 Ark. 88, 371 S. W. 2d 533, we used a quotation from 53 Am. Jur., Trial, § 1094 that is pertinent here.

"While the practice of amending verdicts in matters of form is one of long standing, based on principles of the soundest public policy in the furtherance of justice, it is strictly limited to cases where the jury have expressed their meaning in an informal manner. The court has no power to supply

substantial omissions, and the amendment in all cases must be such as to make the verdict conform to the real intent of the jury. The judge cannot, under the guise of amending the verdict, invade the province of the jury or substitute his verdict for theirs. After the amendment the verdict must be not what the judge thinks it ought to have been, but what the jury intended it to be. Their actual intent, and not his notion of what they ought to have intended, is the thing to be expressed and worked out by the amendment.''

Some of our cases (which are readily distinguishable) dealing with questions of a related nature are: *Womack* v. *Brickell*, 232 Ark. 385, 337 S. W. 2d 655; *Rice & Holiman* v. *Henderson*, 183 Ark. 355, 35 S. W. 2d 1016; *Beckley* v. *Miller*, 96 Ark. 379, 131 S. W. 876; and *International Harvester Co.* v. *Land*, 234 Ark. 682, 354 S. W. 2d 13.

*Neal et al* v. *Peevey*, 39 Ark. 337, is a case of ancient origin which we consider decisive here. Peevey sued Neal and Miller for false imprisonment. The jury brought in a verdict which read, ''We, the jury, find for the plaintiff, and assess the damages at $87.50 each. Joseph Savage, Foreman.''

We quote from the opinion:

''The court informed the jury that their verdict was not in proper form, and that whatever damages they found should be against both of the defendants jointly. Thereupon, the jury unanimously consented that the verdict should be modified so as to assess the damages at $175 against both defendants, and the modification was made by the court by erasure and interlineation, so as to make the verdict read as follows: 'We, the jury, find for the plaintiff, and assess the damages at $175.

'Joseph Savage, Foreman.'

720

"And, after reading the verdict as modified, the court asked the jury if that was their verdict, to which each juror answered in the affirmative. But the foreman did not sign the verdict after it was modified."

This action of the trial court was one of the alleged errors contained in the motion for a new trial. This court, in affirming, held that, "It is the right and duty of the trial court to see that the verdict is formal, and to amend it if it incorrectly expresses the intention of the jury."

From what has been said it follows that this case is affirmed.