## BULK TRANSPORT, INC. et al *v.*
## Odie C. JONES

76-2                                                         536 S.W. 2d 134

### Opinion delivered May 10, 1976

*Tackett, Moore, Dowd & Harrelson,* for appellants.

*Wilson, Gunter & Walker, P.A.,* by: *Charles M. Walker* and *Garnet E. Norwood,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee brought this action for personal injuries suffered in a traffic collision. Comparative negligence was an issue at the trial. In response to interrogatories the jury originally attributed 25% of the total negligence to the plaintiff and fixed his damages at $90,-000. After some interrogation by the court and further deliberations by the jury, the foreman of the jury finally informed the court that "we are in complete agreement . . . If we are supposed to have a sum down that is a total of 100 per cent, it should be $120,000, and the $90,000 that we arrived at was with the 25 per cent of Mr. Jones' responsibility already taken away." Upon that unanimous statement of the jurors' intention the court entered judgment for $90,000. For

reversal the appellants argue that the trial judge should have acted upon the original responses to the interrogatories by entering judgment for only 75% of $90,000.

The trial judge was right. In the words of Judge Frank G. Smith: "The verdicts of a jury should in any and all cases reflect the true and correct and final conclusions of the jury, and if before discharging the jury it was made known to the court that the jury had misunderstood the instructions, no error is committed in permitting the jury to further consider their verdict, after the instructions have been explained." *Clift v. Jordan*, 207 Ark. 66, 178 S.W. 2d 1009 (1944). More recently we have said that it is the right and duty of the trial judge to see that the verdict is amended to correctly express the intention of the jury. *Miller* v. *Garner*, 241 Ark. 715, 409 S.W. 2d 336 (1966).

Here the basic error lay not with the jurors but with the rival attorneys and the trial judge. Apparently by agreement of counsel, and certainly without objection, the court gave a comparative negligence instruction, AMI Civil 2d, 2102 (1974), which told the jury to reduce Jones's judgment in proportion to his negligence. Although the Note on Use to that AMI instruction states, "Do not use this instruction when the case is submitted on interrogatories," that directive was disregarded by everyone. The jurors were required to answer the interrogatories set out in AMI 2402. The jurors were understandably confused, because they were told on the one hand to reduce the damages in proportion to Jones's negligence and on the other hand to determine the amount of Jones's damages, presumably without reduction.

When the jury returned its $90,000 response to the interrogatory, a juror indicated that the 25% deduction for Jones's negligence had already been made. The trial judge at once expressed his belief that both the comparative negligence instruction and the interrogatories should not have been submitted. The judge quite properly corrected the mistake by ascertaining the jury's true intention and entering judgment accordingly.

Affirmed.